UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 28 2005
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DANA E. BOSWELL, | CIV 02-4075 |
|  | CR 98-40101 |
| Movant, |  |
|  |  |
| -vs- | MEMORANDUM OPINION |
|  | AND ORDER |
| UNITED STATES OF AMERICA, |  |
|  |  |
| Respondent. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is the motion to vacate, set aside, or correct the sentence of Dana Boswell ("Boswell") filed pursuant to 28 U.S.C. § 2255. For the following reasons, the motion will be denied.

## BACKGROUND

A jury convicted Boswell on five counts of a second superseding indictment. Count 1 was for conspiracy to possess with intent to distribute crack cocaine, counts 16, 17 and 18 were for money laundering, and count 43 was for control of a residence used for unlawful activity. Initially, Boswell was represented by Sioux Falls attorney, John Wilka. Mr. Wilka withdrew from the case because of a conflict of interest, and Todd D. Epp was appointed to represent Boswell. At trial and sentencing, Boswell was represented by Mr. Epp. Boswell was sentenced to 360 month of imprisonment and 10 years supervised release. He appealed his conviction and sentence, and the Eighth Circuit affirmed both.

Boswell brought this timely § 2255 motion *pro se*, setting forth two grounds for relief. He claims that attorney Epp rendered ineffective assistance by: 1) failing to investigate and challenge Boswell's prior state convictions, and 2) failing to honor Boswell's wish to enter a plea agreement with the government. The government answered the motion and submitted affidavits of both the prosecutor, Dennis Holmes, and the defense lawyer, Todd Epp.

Later, Boswell moved to supplement his § 2255 motion to contend that his sentence violates the Sixth Amendment because it is based on factors that were not found by a jury. Boswell relied on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). In *Blakely*, the Supreme Court ruled that a Washington state sentencing guideline scheme violated the defendant's Sixth Amendment right to trial by jury by permitting his sentence to be enhanced above the guideline range based on factors not found by a jury beyond a reasonable doubt, even though the resulting sentence was less than the statutory maximum. *See id.* 124 S.Ct. at 2537. Subsequently, the Supreme Court granted certiorari in a case in order to resolve the issue whether the rationale of *Blakely* applied to the Federal Sentencing Guidelines. *United States v. Booker,* 125 S.Ct. 11, 73 U.S.L.W. 3073, 3074 (2004). This Court directed that Boswell's § 2255 be held in abeyance pending the Supreme Court's ruling on the applicability of *Blakely* to the Federal Sentencing Guidelines. (Doc. 19.) The *Blakely* decision and its applicability to this case are discussed herein.

## DISCUSSION

A defendant is entitled to § 2255 relief if he can show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

### I. Prior Conviction

Prior to trial, the United States filed an information pursuant to 21 U.S.C. § 851(a) alleging that Boswell had a prior felony drug offense as provided for in 21 U.S.C. § 841(b) and as defined in 21 U.S.C. § 802(44). As a result, the sentencing enhancement under 21 U.S.C. § 841(b)(1)(A) applied, and count 1 carried a mandatory minimum term of imprisonment of 20 years with a maximum term of life. Boswell argues that his July 15, 1993 conviction for possession of a controlled substance (crack cocaine) out of the County of Spokane in Superior Court for the State of Washington was a gross misdemeanor and not a felony because his sentence was only 10 months. He claims that Mr. Epp's assistance was ineffective because he did not investigate the conviction.

2

Title 21 defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United Sates or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44). Boswell's 1993 conviction satisfies this definition. He was convicted of possession of a controlled substance in violation of RCW 69.50.401(d). (Doc. 7, Attachment 1, p. 3.) At the time of Boswell's conviction, the statute provided that any person who violated it "may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both, except as provided for in subsection (e) of this section." RCW 69.50.401(d). Boswell does not contest that his conviction carried a possible punishment of up to five years under Washington law. He cites no authority for the proposition that the conviction is not a felony simply because his sentence was only 10 months.

This Court is guided by the Supreme Court's decision in *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103 (1983). In *Dickerson*, the Supreme Court was called upon to decide "whether firearms disabilities imposed by 18 U.S.C. § 922(g) and (h) apply with respect to a person who pleads guilty to a state offense punishable by imprisonment for more than one year, when the record of the proceeding subsequently is expunged under state procedure following a successfully served term of probation." 460 U.S. at 105. The facts in *Dickerson* are as follows: Title IV of the Gun Control Act of 1968 made it unlawful for any person "who has been convicted . . . of . . . a crime punishable by imprisonment for a term exceeding one year" to ship, transport, or receive any firearm or ammunition in interstate commerce.[1] *Id.* The chairman of the board and a shareholder of the defendant corporation, Mr. Kennison, pleaded guilty in an Iowa state court to the state crime of carrying a concealed handgun. 460 U.S. at 106. The crime was punishable by a fine or imprisonment for not more than five years, or both. *Id.* Pursuant to an Iowa statute, the state court "deferred" entry of a

---

[1]Congress later amended the law to provide that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20); *United States v. Pennon*, 816 F.2d 527, 529 (10th Cir. 1987).

3

formal judgment and placed Kennison on probation. *Id.* at 107-108. He was discharged after successfully completing probation, and the conviction was expunged from his record. *Id.* at 108. His company was issued a license as a firearms and ammunition dealer and manufacturer. *Id.* The license was revoked when the Bureau of Alcohol, Tobacco, and Firearms learned of the Iowa charge. *Id.* at 109. The district court upheld the revocations on review, but the Fourth Circuit reversed, holding that although Kennison had been "convicted" of an offense that triggered firearms disability, that fact could not serve as a predicate for a license revocation because the conviction had been expunged. *Id.* at 109-110.

The Supreme Court reversed, holding that the statutory disabilities applied. The Court reasoned:

> To be sure, there was not written adjudication of guilt and there was no formal pronouncement of a sentence of imprisonment for a specified term. But that was due to special provisions of Iowa statutory law and procedure. It was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the statute imposes disabilities on one convicted of 'a crime *punishable* by imprisonment for a term exceeding one year.' § 922(g) (emphasis added). It is also plain that one cannot be placed on probation if the court does not deem him to be guilty of a crime–in this case a crime that Congress considered demonstrative of unreliability with firearms.

*Id* at 113-114. The possibility of later "expunction under state law does not alter the historical fact of the conviction." *Id.* at 115.

Similarly, for purposes of the sentence enhancement as in Boswell's case, the issue is whether Boswell had been previously convicted and sentenced for a criminal drug offense that was punishable by imprisonment for more than one year. *See id.*, 21 U.S.C. § 802(44). There is no question that he was. The fact that he was sentenced to 10 months rather than one year is irrelevant.

The Court is also persuaded by the reasoning of the Seventh Circuit in *United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003). In *Graham*, the Seventh Circuit held that even a sentence of probation for a drug offense, a sentence that was later discharged, did not alter the fact

4

that it is a prior drug-related felony conviction that qualified the defendant for enhancement of his sentence under 21 U.S.C. § 841(b)(1)(B). Likewise, the fact that Boswell received a 10 month sentence is irrelevant to whether the 1993 conviction operates as a prior felony drug offense under § 841(b)(1)(B). Accordingly, Boswell's sentence was properly enhanced based upon that conviction.

Because Boswell's argument that his 1993 conviction was a misdemeanor rather than a felony is rejected, he has failed to establish that Mr. Epp's assistance was deficient for failing to object to the sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). In addition, because the Court would have applied the enhancement even if Mr. Epp had objected to it, Boswell has also failed to establish prejudice. Thus, he is not entitled to relief based on this argument.

## II.     Plea Agreement

Boswell contends that Mr. Epp was ineffective for failing to honor Boswell's wish to enter into a plea agreement with the government. He states in his motion:

> Movant had wanted to plea out (nolo contendere), voluntarily and knowingly to the plea offer after two subsequent prior convictions, plea bargan was at rest at 15 years doubling 5 years for 'simple possession' for five grams (cocain base). Do to counsel dissuading the Movant to stand trial, he received an extended 30 year sentence.

(Doc. 1, p. 5.) The affidavits submitted by Mr. Epp and Mr. Holmes both verify that no such plea existed. Failure to honor Boswell's wish to plea to a non-existent plea offer cannot form a basis for an ineffective assistance of counsel claim.

Movant supplied an affidavit of his father, Daniel Bradford, stating that Boswell's wish to plead to a 15-year prison sentence was never "formally presented to the prosecution." Mr. Holmes' affidavit indicates that the government would not have considered such a plea:

> First of all, it is Department of Justice policy not to agree to nolo contendere pleas. I did not offer such a plea and would not have agreed to such a plea. Second, there was never any discussion with any of the defendants whereby the government would have allowed them to enter into pleas for simple possession of a controlled substance

5

under 21 U.S.C. § 844. Third, there is no statute which would have allowed Mr. Boswell to enter into a plea bargain which would have resulted in a maximum sentence of 15 years for a doubling of 5 years. Because the government's information alleging the prior drug felony under 21 U.S.C. § 851 was filed in October of 1998, Boswell would have been facing a maximum sentence of 30 years in prison for any conviction under 21 U.S.C. § 841(a)(1) or 846, even if the quantity involved would have been below five grams of cocaine base.

Failure to "formally present" Boswell's desire to enter into an agreement that the government would not and could not agree to does not constitute ineffective assistance of counsel.

To the extent that Boswell is contending that he would have accepted some other plea but for counsel's advice and that, had he done so, he would have received a lesser sentence, that argument must be rejected because it is contradicted by the record. *See, e.g., Engelen*, 68 F.3d at 241 (No prejudice resulted from counsel's alleged failure to advise defendant of advantages of proffered plea agreement; "The record is completely barren of any evidence that Engelen would have acknowledged his guilt prior to trial."). The Court is very familiar with this case and Boswell has maintained his innocence throughout the proceedings. At the sentencing hearing, Boswell made reference to the fact that his counsel "told me to take a deal for five grams of dope." (Sentencing Transcript at 79.) Boswell then said, "How am I gonna take a deal for five grams of dope when I didn't have no five grams of dope?" (Sentencing Transcript at 80.) Boswell went on to explain that he never should have been convicted because there was no evidence that he had any drugs. He said that all the cooperating witnesses lied at trial. Thus, Boswell has failed to show any prejudice resulted from any of Mr. Epp's advice about plea agreements, and relief cannot be granted on this ineffective assistance of counsel claim.

## III. Booker Issues

Boswell contends that the enhancements to his sentence are invalid under the Supreme Court's holding in *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker*, the Supreme Court held first that the Sixth Amendment right to a jury trial, as construed in *Blakely*, attaches to findings that enhance a defendant's sentence under the federal sentencing guidelines. *Id.* at 748-56. In a separate majority opinion, the Supreme Court invalidated the provisions of the Sentencing Reform

Act that make the federal guidelines mandatory. The Court concluded that the Act, so modified, "makes the Guidelines effectively advisory." *Id.* at 756-69. After *Booker*, a sentencing court is required "to consider Guidelines ranges" but is permitted "to tailor the sentence in light of other statutory concerns as well. . . ." *Id.* at 756 (citing 18 U..S.C. § 3553(a)).

The *Booker* Court did not rule on the retroactivity of its decision but, subsequently, the Eighth Circuit held in *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005), that *Booker* "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Thus, Boswell cannot collaterally attack his sentence on the basis of *Booker*.

## IV.    Evidentiary Hearing and Certificate of Appealability

An evidentiary hearing is not required on a § 2255 motion if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Thus, if the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (stating that "an evidentiary hearing is necessary only where 'the court is presented with some reason to question the evidence's credibility'"). An evidentiary hearing is not required in this case because Boswell's allegations that are not contradicted by the record do not entitle him to relief.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.

7

1997). Boswell has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED that the motion to vacate, set aside, or correct the sentence under 28 U.S.C.§ 2255 is denied with prejudice.

Dated this 28th day of September, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)            DEPUTY